1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Fred G. Bennett (Bar No. 59135)
2     fredbennett@quinnemanuel.com
    Robert J. Becher (Bar No. 193431)
3     robertbecher@quinnemanuel.com
    865 S. Figueroa Street, 10th Floor
4   Los Angeles, California 90017
    Telephone:  (213) 443-3000
5   Facsimile:   (213) 443-3100

6   *Attorneys for Plaintiffs*
    *Alternate Health USA Inc. and Alternate*
7   *Health Corp.*

8               IN THE UNITED STATES DISTRICT COURT

9       FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| 10  Alternate Health USA Inc. and Alternate Health Corp., | CASE NO. 8:17-CV-1887-CJC-JDE |
|---|---|
| 11                Plaintiffs, | **PLAINTIFFS-COUNTERDEFENDANTS ALTERNATE HEALTH USA INC.'S AND ALTERNATE HEALTH CORP.'S NOTICE OF MOTION AND MOTION TO PARTIALLY DISMISS COUNTERCLAIMS, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |
| 12         v. | |
| 13  Paul Edalat, | |
| 14                Defendant. | |
| 15 | |
| 16 | Date:     January 22, 2017 |
| 17 | Time:     1:30 PM<br>Judge:    The Honorable<br>               Cormac J. Carney |
| 18 _____ | |
| 19  Paul Edalat, | |
| 20                Counterclaimant, | |
| 21         v. | |
| 22  Alternate Health USA Inc.. Alternate Health Corp.. Howard Mann. and | |
| 23  Michael L. Murphy, M.D., | |
| 24                Counterdefendants. | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

-1-

TO DEFENDANT-COUNTERCLAIMANT PAUL EDALAT AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Monday, January 22, 2017 at 1:30 PM, or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Cormac J. Carney at the United States District Court for the Central District of California, 411 W. Fourth Street, Santa Ana, California, plaintiffs-counterclaim defendants Alternate Health Corp. and Alternate Health USA, Inc. (collectively, "Alternate Health") shall and hereby move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing defendant-counterclaimant Paul Edalat's first cause of action for fraud in the inducement, second cause of action for fraud-misrepresentation, third cause of action for negligent misrepresentation, and fourth cause of action for breach of contract. Defendant-counterclaimant's first three causes of action fail to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b). Similarly, Defendant-counterclaimant's fourth cause of action for breach of contract is subject to dismissal because he has not identified a contract or any specific contractual provisions that Alternate Health breached.

Prior to filing this motion, pursuant to L.R. 7-3, counsel for Alternate Health arranged for a conference to discuss the anticipated substance of the motion with counsel for Paul Edalat, Martin Dack, and the parties agreed on a time for the conference. However, on the scheduled date for the conference, December 6, 2017, Martin Dack, counsel for Paul Edalat, cancelled the conference. Mr. Dack informed counsel for Alternate Health that he was "no longer going to be representing Paul Edalat," and that he was "not aware of the attorneys who will be replacing us."

This motion is based on this notice of motion and the following memorandum of points and authorities; the supporting declaration of Robert J. Becher and exhibits thereto; all matters of which the Court may take judicial notice; other pleadings on file in this action; and other written or oral argument that Alternate Health may present to the Court.

Dated:  December 13, 2017          QUINN EMANUEL
                                   URQUHART & SULLIVAN, LLP


                                   By:  /s/ Fred G. Bennett
                                        Fred G. Bennett
                                        Robert J. Becher

                                        *Attorneys for Plaintiffs Alternate Health
                                        USA Inc. and Alternate Health Corp.*

-3-

**MEMORANDUM IN SUPPORT OF MOTION**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................. 1

ALLEGATIONS IN THE COUNTERCLAIMS ........................................................ 2

ARGUMENT ............................................................................................................. 4

I.      STANDARD .................................................................................................... 4

II.     THE    FIRST    COUNTERCLAIM    FOR    FRAUD    IN    THE
        INDUCEMENT,    SECOND    COUNTERCLAIM    FOR    FRAUD-
        MISREPRESENTATION,  AND  THIRD  COUNTERCLAIM  FOR
        NEGLIGENT  MISREPRESENTATION  DO  NOT  SATISFY  THE
        HEIGHTENED PLEADING STANDARD OF RULE 9(B). ......................... 4

III.    THE FOURTH COUNTERCLAIM FOR BREACH OF CONTRACT IS
        SUBJECT  TO  DISMISSAL  BECAUSE  EDALAT  DOES  NOT
        ALLEGE   THE   PROVISIONS   OF   THE   CONTRACT   THAT
        ALTERNATE HEALTH HAS ALLEGEDLY BREACHED. ........................ 9

CONCLUSION .......................................................................................... 11

-i-

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### <u>Cases</u>

*Ackerman v. Nw. Mut. Life Ins. Co.*,
   172 F.3d 467 (7th Cir. 1999)...........................................................................5

*Ashcroft v. Iqbal*,
   129 S.Ct. 1937 (2009) .................................................................................4

*Caltex Plastics, Inc. v. Lockheed Martin Corp.*,
   824 F.3d 1156 (9th Cir. 2016).....................................................................4

*Cincinnati Life Ins. Co. v. Beyrer*,
   722 F.3d 939 (7th Cir. 2013).......................................................................6

*Destfino v. Reiswig*,
   630 F.3d 952 (9th Cir. 2011).......................................................................7

*Dobard v. Torres*,
   2014 WL 320209 (Cal. Ct. App. 2014)......................................................9

*Errico v. Pac. Capital Bank, N.A.*,
   753 F.Supp.2d 1034 (N.D. Cal. 2010) ......................................................5

*ESG Capital Partners, LP v. Stratos*,
   828 F.3d 1023 (9th Cir. 2016)................................................................4, 8

*FDI Dev., Inc. v. Nakashima*,
   231 Cal.App.3d 367 (Cal. Ct. App. 1991) ................................................9

*Fecht v. Price Co.*,
   70 F.3d 1078 (9th Cir. 1995).......................................................................5

*Green v. Cent. Mortg. Co.*,
   148 F.Supp.3d 852 (N.D. Cal. 2015) .........................................................5

*Harris v. Rudin, Richman & Appel*,
   74 Cal.App.4th 299 (Cal. Ct. App. 1999) .................................................9

*In re GlenFed, Inc. Sec. Litig.*,
   42 F.3d 1541 (9th Cir. 1994).......................................................................8

*In re Milo's Dog Treats Consol. Cases*,
   9 F.Supp.3d 523 (W.D. Pa. 2014) ..............................................................8

*Jacobs v. Woodford*,
   2011 WL 1706951 (C.D. Cal. May 3, 2011) .............................................10

*Johnson v. Wal-Mart Stores, Inc.*,
   544 Fed.Appx. 696 (9th Cir. 2013) ............................................................8

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009)...............................................................5, 6, 7

*Kelley v. Rambus, Inc.*,
    384 Fed.Appx. 570 (9th Cir. 2010) ..................................................................5

*Maxwell v. Dolezal*,
    231 Cal.App.4th 93 (Cal. Ct. App. 2014) .......................................................9

*Odom v. Microsoft Corp.*,
    486 F.3d 541 (9th Cir. 2007)........................................................................6, 7

*Rosado v. eBay, Inc.*,
    53 F.Supp.3d 1256 (N.D. Cal. 2014) ................................................................6

*SEC v. Todd*,
    642 F.3d 1207 (9th Cir. 2011).........................................................................8

*Shroyer v. New Cingular Wireless Svcs., Inc.*,
    622 F.3d 1035 (9th Cir. 2010).........................................................................4

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011).........................................................................4

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007)....................................................................6, 7, 8

*UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*,
    117 F.Supp.3d 1092 (C.D. Cal. 2015).......................................................6, 7, 8

*Williams v. WMX Techs., Inc.*,
    112 F.3d 175 (5th Cir. 1997).............................................................................5

<u>Rules and Regulations</u>

Fed. R. Civ. P. 9(b)...............................................................................passim

Fed. R. Civ. P. 12(b)(6) ......................................................................4, 10

# PRELIMINARY STATEMENT

Defendant-counterclaimant Paul Edalat ("Edalat") has failed to properly plead his first cause of action for fraud in the inducement, his second cause of action for fraud-misrepresentation, his third cause of action for negligent misrepresentation, and his fourth cause of action for breach of contract.  With respect to the first through third causes of action against Alternate Health Corp. and Alternate Health USA, Inc. (collectively, "Alternate Health"), Edalat has not alleged with particularity the circumstances constituting fraud or mistake as required by Rule 9(b) of the Federal Rules of Civil Procedure.  For example, he alleges that "[s]ince in or around May 2016, COUNTERDEFENDANTS have continuously represented to Sentar and EDALAT that they were intending to utilize Sentar's patent license for its sublingual pill delivery system . . . ."  Defendant's Answer and Counterclaim ("Countercl.") at ¶¶ 36, 43, 49.  This allegation is insufficient as it does not identify the dates and times Alternate Health made the representations, who exactly made the representation in each instance, how the representation was communicated, or the exact words used.  The other alleged misrepresentations contained in the Answer and Counterclaim suffer from the same infirmity.  Because Alternate Health is entitled to notice of the exact fraud being alleged, dismissal is appropriate.

Edalat's fourth cause of action for breach of contract also fails to allege the basic elements of a breach of contract.  He appears to allege a purported breach of the Consulting Agreement between him and Alternate Health on the ground that Alternate Health did not use any effort to bring certain pills to market and refused to lift restrictions on the transfer of his shares of stock.  He does not specify anywhere which provisions of the Consulting Agreement were allegedly breached and his allegations do not match up with any provision of the Consulting Agreement.  As a result, his cause of action for breach of contract is also subject to dismissal.

## ALLEGATIONS IN THE COUNTERCLAIMS

In his Answer and Counterclaim, defendant Paul Edalat alleges five causes of action against Alternate Health:  (1) fraud in the inducement; (2) fraud-misrepresentation; (3) negligent misrepresentation; (4) breach of contract; and (5) request for declaratory relief.  Edalat's pertinent allegations (which must be accepted as true for purposes of this Motion) are as follows:

***Counterclaims for Fraud in the Inducement, Fraud-Misrepresentation, and Negligent Misrepresentation***

Edalat's "General Allegations/Introduction" refers to various statements and representations by Alternate Health and its representatives, but explicitly identifies only a single statement as a misrepresentation.  Edalat alleges that "[o]n September 14, 2016, COUNTERDEFENDANTS through MANN and MURPHY misrepresented to EDALAT that they had access to 1000 dispensaries for immediate sales." Countercl. at ¶ 24.

In support of his first three counterclaims specifically, Edalat alleges that since May 2016, Alternate Health and its representatives "have continuously represented to Sentar and EDALAT that they were intending to utilize Sentar's patent license for its sublingual pill delivery system" for CBD tablets.  *Id.* at ¶¶ 36, 43, 49.  He further alleges that Alternate Health represented that it would "use its best efforts to bring Licensor Patent Rights to market through a thorough, vigorous and diligent program and to continue active, diligent marketing efforts." *Id.*  Edalat alleges that he entered into the Consulting Agreement "[b]ased on these representations . . . ." *Id.*  According to Edalat, Alternate Health's "representations were in fact false," because Alternate Health "never intended to manufacture and distribute the CBD pills . . . ." *Id.* at ¶¶ 38, 44.  Edalat alleges that Alternate Health "utilized Sentar's patent license and EDALAT's expertise and experience to entice investors to invest in ALTERNATE HEALTH," but then "used these investments for expenses and investments in other projects not involving the manufacture of

-2-

1  CBD tablets." *Id.* at ¶¶ 38, 44, 51.  He alternatively alleges that Alternate Health

2  "had no reasonable ground for believing that the representations were true, and . . .

3  made the representations with the intent to induce EDALAT" to enter into the

4  Consulting Agreement.  *Id.* at ¶ 50.

5          Edalat alleges that his reliance was justifiable, and that he was damaged by

6  "wast[ing] two years during his involvement with" Alternate Health and its

7  representatives.  *Id.* at ¶¶ 39, 45, 52.  Furthermore, Edalat claims he has been

8  damaged because Alternate Health and the other counterdefendants "have refused to

9  allow EDALAT to sell his shares of AHC stock and has [sic] unreasonably refused

10 to lift its restrictions on the transfer of his shares of stock."  *Id.*

11 ***Counterclaim for Breach of Contract***

12         In support of his fourth cause of action for breach of contract, Edalat alleges

13 that since May 2016, "COUNTERDEFENDANTS has [sic] continuously

14 represented to EDALAT and Sentar that [Alternate Health] was intending to utilize

15 Sentar's patent license for its sublingual pill delivery system" for CBD tablets.  *Id.*

16 at ¶ 57.  Edalat alleges that he entered into the Consulting Agreement "[b]ased on

17 these representations . . . ."  *Id.*  Edalat alleges he has performed his duties under the

18 Consulting Agreement, *id.* at ¶ 58, but "in failing to use any effort to bring the CBD

19 pills to market," Alternate Health has breached the Consulting Agreement.  *Id.* at ¶

20 59.  He does not cite to any provision of the Consulting Agreement that was

21 breached through this action.  Furthermore, he alleges that Alternate Health

22 breached its agreement by "refus[ing] to allow EDALAT to sell his 1,638,506 shares

23 of AHC stock" and "unreasonably refus[ing] to lift its restrictions on the" shares.

24 *Id.* at ¶ 61.  Once again, he does not cite to any provision of the Consulting

25 Agreement that has been breached.  Edalat claims that, because he has been unable

26 to sell his shares, he has been damaged as his shares have lost value.  *Id.*

27

28

**ARGUMENT**

**I.    STANDARD**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court may dismiss a cause of action "when it fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).  The court "must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of" the counterclaimant, *id.*, but the counterclaims "must provide sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)) (alteration and quotation marks omitted).  In other words, "to survive a motion to dismiss," the counterclaims "must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Svcs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).  In addition, failure to satisfy the "heightened pleading standard" for fraud or mistake under Rule 9(b) constitutes grounds for dismissal under Rule 12(b)(6). *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1031–1032 (9th Cir. 2016).

**II.    THE FIRST COUNTERCLAIM FOR FRAUD IN THE INDUCEMENT, SECOND COUNTERCLAIM FOR FRAUD-MISREPRESENTATION, AND THIRD COUNTERCLAIM FOR NEGLIGENT MISREPRESENTATION DO NOT SATISFY THE HEIGHTENED PLEADING STANDARD OF RULE 9(B).**

The allegations in the first, second, and third causes of action fall far short of the Rule 9(b) requirement to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  These causes of action principally rest on two bare-bones allegations regarding the alleged misrepresentations.  First, Edalat claims, "[s]ince in or around May 2016, COUNTERDEFENDANTS have continuously represented to Sentar and EDALAT that they were intending to utilize

1    Sentar's patent license for its sublingual pill delivery system . . . ."  Countercl. at ¶¶

2    36, 43, 49.  Second, Edalat alleges that "COUNTERDEFENDANTS further

3    expressly represented they would 'use its [sic] best efforts to bring Licensor Patent

4    Rights to market through a thorough, vigorous and diligent program and to continue

5    active, diligent marketing efforts.'"  *Id.*  No further details are alleged.

6         Rule 9(b) requires alleging "the who, what, when, where, and how" of the

7    fraud.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quotation

8    marks omitted); *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)

9    ("the who, what, when, and where must be laid out before access to the discovery

10   process is granted") (emphasis removed).  Edalat's third cause of action, for

11   negligent misrepresentation, "sounds in fraud," and is therefore subject to the

12   stringent Rule 9(b) pleading standards as well.  *Green v. Cent. Mortg. Co.*, 148

13   F.Supp.3d 852, 880 (N.D. Cal. 2015) ("In addition, the court applies Federal Rule of

14   Civil Procedure 9(b)'s heightened pleading standard to claims for fraud and

15   negligent misrepresentation."); *Kelley v. Rambus, Inc.*, 384 Fed.Appx. 570, 573 (9th

16   Cir. 2010) ("Kelley's [California] state law claims for common law fraud and

17   negligent misrepresentation fail to meet the heightened pleading standards of Rule

18   9(b)"); *Errico v. Pac. Capital Bank, N.A.*, 753 F.Supp.2d 1034, 1049 (N.D. Cal.

19   2010) ("[N]egligent misrepresentation 'sounds in fraud' and is subject to Rule 9(b)'s

20   heightened pleading standard . . . .").  The heightened pleading standards ensure that

21   a party "conduct[s] a precomplaint investigation in sufficient depth to assure that the

22   charge of fraud is responsible and supported, rather than defamatory and

23   extortionate."  *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir.

24   1999); *see also Kearns*, 567 F.3d at 1125.  It also ensures that a party is on notice of

25   the claims being asserted against it and "can prepare an adequate answer."  *Fecht v.*

26   *Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995) (quotation marks omitted).

27        Alleging that Alternate Health "continuously represented" an intent to use the

28   patent license does not even come close to providing the required "who, what, when,

where, and how" of the fraudulent and negligent misrepresentations.  Specifically, Edalat's allegations do not:

(i)    name specific days or times that the misrepresentations were made, *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) ("The pleader must state the time . . . of the false representations") (alteration and quotation marks omitted); *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 950 (7th Cir. 2013) (dismissing a complaint that failed to identify the time of the fraud other than "beginning in July 2007 and continuing until January 28, 2008"); *Rosado v. eBay, Inc.*, 53 F.Supp.3d 1256, 1262 (N.D. Cal. 2014) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)) ("To that end, the allegations must contain 'an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations'");

(ii)    identify who specifically made misrepresentations on behalf of Alternate Health, *see Odom*, 486 F.3d at 553 ("The pleader must state . . . the identities of the parties to the misrepresentation.") (alteration and quotation marks omitted); *UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*, 117 F.Supp.3d 1092, 1108 (C.D. Cal. 2015) (in alleging fraud against a business entity, the complaint "must allege the names of the employees or agents who purportedly made the fraudulent representations or omissions, or at a minimum identify them by their titles and/or job responsibilities"); *Cincinnati Life*, 722 F.3d at 950 ("Moreover, appellant fails to identify who made these representations on [the corporation's] behalf.");

(iii)    describe how the misrepresentations were communicated, *see Kearns*, 567 F.3d at 1124 (Rule 9(b) requires pleading the "'how' of the misconduct charged");

-6-

(iv)    separate out the specific role each individual counterclaim defendant played in the alleged fraud, *Swartz*, 476 F.3d at 764–765 (pleadings must "inform each defendant separately of the allegations surrounding his alleged participation in the fraud"); or

(v)     identify the particular words used, *see Odom*, 486 F.3d at 553 ("The pleader must state the . . . specific content of the false representations . . . .") (alteration and quotation marks omitted) .

Edalat's allegations simply lack the detail required to sustain his causes of action for fraud in the inducement, intentional misrepresentation, and negligent misrepresentation.  He does not offer anything more specific than that Alternate Health and its representatives "continuously represented" an intent to use Sentar's technology.

Edalat's allegation that Alternate Health "represented [it] would 'use its best efforts to bring Licensor Patent Rights to market through a thorough, vigorous and diligent program'" does not satisfy Rule 9(b) either.  He fails to set forth when and how Alternate Health made these representations, and who made these representations.  *See Odom*, 486 F.3d at 553–554; *Swartz*, 476 F.3d at 764–765; *UMG Recordings*, 117 F.Supp.3d at 1108; *Kearns*, 567 F.3d at 1124.

The closest Edalat comes to identifying who is responsible for the alleged fraud is to state:  "At all times relevant hereto, each of the COUNTERDEFENDANTS conspired with, aided and abetted, and/or acted in concert with each and every other COUNTERDEFENDANTS [sic] . . . and, in furtherance of the aforesaid conspiracy or other plan, each and every COUNTERDEFENDANT engaged in one or more of the overt acts hereinafter alleged."  Countercl. at ¶ 9.  But vague allegations that amount only to "everyone did everything" likewise deserve dismissal.  *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011).  Edalat must identify exactly who had a role in the alleged fraud because "Rule 9(b) 'does not allow a complaint to merely lump multiple defendants

1    together but requires plaintiffs to differentiate their allegations when suing more

2    than one defendant.'" *UMG Recordings*, 117 F.Supp.3d at 1108 (quoting *Swartz*,

3    476 F.3d at 764–765) (quotation marks and alteration omitted).  He has not done so.

4         Likewise, Edalat's allegation that "[o]n September 14, 2016,

5    COUNTERDEFENDANTS through MANN and MURPHY misrepresented to

6    EDALAT that they had access to 1000 dispensaries for immediate sales," Countercl.

7    at ¶ 24, falls short of the Rule 9(b) standard as well.[1]  Specifically, Edalat was

8    required to—and did not—set forth facts to indicate that this representation was

9    false when made.  *See, e.g., Johnson v. Wal-Mart Stores, Inc.*, 544 Fed.Appx. 696,

10   698 (9th Cir. 2013) (Rule 9(b) requires that a plaintiff "offer an explanation as to

11   why the statement or omission complained of was false or misleading") (quoting *In*

12   *re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc),

13   *superseded by statute on other grounds as stated in SEC v. Todd*, 642 F.3d 1207,

14   1216 (9th Cir. 2011)); *In re Milo's Dog Treats Consol. Cases*, 9 F.Supp.3d 523, 533

15   (W.D. Pa. 2014) ("in order to satisfy the heightened pleading standard of Fed. R.

16   Civ. P. 9(b)," the plaintiff must allege "what is false or misleading about a statement

17   and why it is false.").

18        Edalat's failure to satisfy the "heightened pleading standard" for fraud or

19   mistake under the Federal Rules constitutes grounds for dismissing his first, second,

20   and third causes of action.  *See ESG Capital Partners*, 828 F.3d at 1031–1032.

21

22

23   _____

24        [1]    The "General Allegations/Introduction" section of the Answer and
     Counterclaim explicitly labels only this one representation as false, *see* Countercl. at

25   ¶ 24, and identifies other alleged representations made by Alternate Health without

26   alleging they were false. *See, e.g.,* Countercl. at ¶¶ 19, 20, 22, 23.   Without more
     particularized allegations of falsity in the "General Allegations/Introduction" section

27   itself, one can not reasonably infer whether each representation in that section is

28   included within the universe of representations that underly Edalat's counterclaims.

### III. <u>THE FOURTH COUNTERCLAIM FOR BREACH OF CONTRACT IS SUBJECT TO DISMISSAL BECAUSE EDALAT DOES NOT ALLEGE THE PROVISIONS OF THE CONTRACT THAT ALTERNATE HEALTH HAS ALLEGEDLY BREACHED.</u>

Edalat's counterclaim for breach of contract should likewise be dismissed under Rule 12(b)(6). A party alleging a breach of contract must allege that there has been a breach. *See, e.g., Maxwell v. Dolezal*, 231 Cal.App.4th 93, 97–98 (Cal. Ct. App. 2014) ("To establish a cause of action for breach of contract, the plaintiff must plead and prove (1) the existence of the contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) resulting damages to the plaintiff."). To adequately allege a breach, a party must plead the terms of the agreement that have been breached. *See, e.g., FDI Dev., Inc. v. Nakashima*, 231 Cal.App.3d 367, 383 (Cal. Ct. App. 1991) (in a cause of action based on a written contract, "the plaintiff must plead the existence of a contract, [and] its terms which establish the obligation at issue"); *Dobard v. Torres*, 2014 WL 320209 at *3 (Cal. Ct. App. 2014) (unpublished) (quoting *Harris v. Rudin, Richman & Appel*, 74 Cal.App.4th 299, 307 (Cal. Ct. App. 1999)) ("If the action is based on alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written agreement must be attached and incorporated by reference.").

Edalat alleges that he entered into the Consulting Agreement with Alternate Health, and that he "performed his duties outlined in the Consulting Agreement . . . ." Countercl. at ¶¶ 57–58. But Edalat has failed to plead what contractual provisions Alternate Health breached. Rather than pointing to any specific provisions in the Consulting Agreement, Edalat alleges: "ALTERNATE HEALTH has breached the Agreement in failing to use any effort to bring the CBD pills to market which has caused the value of EDALAT's shares of stock to decrease." *Id.* at ¶ 59. The Consulting Agreement does not require Alternate Health to bring the CBD pills to

1  market or to make any effort to do so, *see* Ex. A (Consulting Agreement) to Ex. 1 to

2  Decl. of Robert J. Becher, and Edalat does not cite to specific language from the

3  Consulting Agreement that purportedly creates such a requirement.  As a result, the

4  allegation must be dismissed.

5      Edalat's only other alleged breach is that Alternate Health "has unreasonably

6  refused to lift its restrictions on the transfer of EDALAT's shares of stock."

7  Countercl. at ¶ 61.  Once again, Edalat does not cite to the contractual provisions of

8  the Consulting Agreement that were allegedly breached.  The Consulting Agreement

9  did not require that Alternate Health lift restrictions on the shares issued to Edalat;

10 in fact, the Consulting Agreement does not even address this subject.  *See* Ex. A

11 (Consulting Agreement) to Ex. 1 to Decl. of Robert J. Becher.

12     Because Edalat has failed to properly allege the basic elements for a breach of

13 contract cause of action, this Court should dismiss the fourth counterclaim in its

14 entirety under Rule 12(b)(6).[2]

15

16

17

18

19

20

21

22

23

24 _____

25     [2]  Even if the Court were to determine that one of the allegations of breach were

26 sufficiently plausible to survive dismissal, the Court should still dismiss the breach of

27 contract claim as to the other basis.  *See, e.g., Jacobs v. Woodford*, 2011 WL 1706951
   at *1 (C.D. Cal. May 3, 2011) (dismissing portions of claims, as appropriate).

28

1

**CONCLUSION**

2      For the foregoing reasons, plaintiffs and counterdefendants Alternate Health

3  Corp. and Alternate Health USA, Inc. request that the Court dismiss Edalat's first,

4  second, third, and fourth counterclaims with prejudice.

5

6  Dated:  December 13, 2017        QUINN EMANUEL

7                                  URQUHART & SULLIVAN, LLP

8

9

10                              By:  _/s/ Fred G. Bennett_____

11                                  Fred G. Bennett
                                    Robert J. Becher

12                                  *Attorneys for Plaintiffs Alternate Health*

13                                  *USA Inc. and Alternate Health Corp.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALTERNATE HEALTH USA INC.'S AND ALTERNATE HEALTH CORP.'S NOTICE OF MOTION
AND MOTION TO PARTIALLY DISMISS COUNTERCLAIMS, AND SUPPORTING MEMORANDUM