UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Alternate Health USA Inc. and Alternate Health Corp., <br><br> Plaintiffs, <br> v. <br> Paul Edalat, <br><br> Defendant. | CASE NO. 8:17-CV-1887-CJC-JDE <br><br> STIPULATED PROTECTIVE ORDER |
| Paul Edalat, <br><br> Counterclaimant, <br> v. <br> Alternate Health USA Inc., Alternate Health Corp., Howard Mann, Michael L. Murphy, M.D., and Computershare Investor Services, Inc., <br><br> Counterdefendants. | |

## I. **<u>PURPOSE AND LIMITS OF THIS ORDER</u>**

**1.** Discovery in the above-captioned action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public

-1-

disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with Local Rule 79-5 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

**2.      Publicly Available or Independently Obtained Information.**
Protected Material shall not include any material that (a) is now generally known or readily available to the public or which becomes so known or available without the fault of the receiving party; (b) was in the possession of a receiving party before its disclosure or production by the producing party hereunder; or (c) has been or becomes lawfully in the possession of a party through means independent of the above-captioned action. This Order shall not restrict the use of any material so obtained, even if the material is otherwise provided in the above-captioned action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." Use of such material shall be subject to any confidentiality or other restrictions regarding the use or distribution of such documents imposed by the relevant authority or by law.

**3.      Party's Use of Its Own Information.** Nothing in this Order shall prevent any party from disclosing its own material that it has designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," as it deems appropriate. Such disclosure shall not be deemed a waiver of any other party's obligations under this Order, except as provided by law and/or to the extent that a party publicly discloses its own designated material by making it part of the public record in the above-captioned action.

**4.      Client Consultation.** Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their respective clients and, in the course thereof, relying generally on their examination of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" materials, provided that in

rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except as permitted by this Order or by prior written agreement with the designator.

**5. Personal Data Identifiers.** Nothing in this Order shall be read to limit or alter a party's obligations under Fed. R. Civ. P. 5.2 and Local Rule 5.2-1 with respect to filing documents containing personal data identifiers.

**II. DESIGNATING PROTECTED MATERIAL**

**6. Protected Material.**

**a. Materials Designated "CONFIDENTIAL."** The parties anticipate that discovery in this matter may involve materials subject to protection under Fed. R. Civ. P. 26(c). Discovery may result in disclosure of personal phone numbers, personal email addresses, and other personal identifying information that would cause harm if made part of the public record. In order to protect from the irreparable harm resulting from the disclosure of such material, these types of personal information may be properly designated "CONFIDENTIAL." The parties further anticipate that confidential business plans, financial information, and similar information regarding how the parties operate their businesses may be produced in the course of this litigation. In order to protect from the irreparable harm resulting from the disclosure of these types of sensitive business information and trade secrets, such materials may be properly designated "CONFIDENTIAL."

**b. Materials Designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."** The parties anticipate there may be documents subject to protection under Fed. R. Civ. P. 26(c) that are of an extremely sensitive nature, would cause substantial and concrete competitive injury if disclosed to an opposing party in this litigation, and that such injury could not be avoided by less restrictive means. The types of documents that might warrant a "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation, assuming they otherwise meet the above criteria, may include, but are not limited to, confidential

business plans and strategies, including financing and development, current operations and financial performance, and current and future projections, forecasts and business strategy, as well as financial information for each of the parties.

   **7.**  **<u>Over-Designation Prohibited.</u>** Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

   **8.**  **<u>Manner and Timing of Designations.</u>** Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY") to each page that contains protected material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation. For any materials produced in some form other than documentary (such as a DVD), the producing party must affix in a prominent place

on the exterior of the container or containers in which the materials are stored the applicable legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY"). If only a portion or portions of the materials warrant protection, the producing party shall identify the protected portion(s) and produce them separately, to the extent practicable.

      **a.** A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

      **b.** Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and, to the extent the entire transcript is not designated with the same level of confidentiality, the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

-5-

PROTECTIVE ORDER

**9. <u>Inadvertent Failures to Designate.</u>** An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

**10. <u>No Other Effect of Designations or Non-Designations.</u>** The designation or lack of designation of material by any party does not, by itself, cause that material to become confidential, proprietary, or trade secret information of that party, nor does it otherwise diminish, denude, or deprive any confidential, proprietary, or trade secret status of the material. The fact that material has or has not been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under this Order may not be introduced into evidence as an admission by any party and shall not be admissible in evidence for any other purpose.

## III. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

**11.** All challenges to confidentiality designations shall proceed under the procedures laid out in Local Rules 37-1 through 37-4. Any party or non-party may challenge a designation of confidentiality at any time that is consistent with the Court's scheduling order. The burden of persuasion in any such challenge proceeding shall be on the designator. The protected material shall be treated in accordance with the designation unless and until the Court rules that it should not be treated as such. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto.

## IV. <u>ACCESS TO DESIGNATED MATERIAL</u>

**12. <u>Basic Principles.</u>** A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order. Parties and persons obtaining access to materials designated "CONFIDENTIAL" or "HIGHLY

-6-
PROTECTIVE ORDER

CONFIDENTIAL – ATTORNEY'S EYES ONLY" under this Order shall use the information only for preparation and trial of the above-captioned action (including appeals and retrials) and shall not use such information for any other purpose, including, without limitation, business, governmental, or commercial purposes, or in administrative, regulatory, legislative, or judicial proceedings.

**13. <u>Disclosure of "CONFIDENTIAL" Material.</u>** Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated "CONFIDENTIAL" only to:

    **a.** The receiving party's outside counsel of record in the above-captioned action, employees of outside counsel of record to whom disclosure is reasonably necessary, and Agents of outside counsel of record to whom disclosure is reasonably necessary. "Agent" is defined as law clerks, paralegals, attorneys, and administrative staff who are contractors of outside counsel of record;

    **b.** The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary;

    **c.** Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Confidentiality Agreement, attached hereto as Exhibit A. "Expert" is defined as a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in the above-captioned action;

    **d.** The Court and its personnel;

    **e.** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Confidentiality Agreement, attached hereto as Exhibit A;

    **f.** During their deposition, witnesses in the above-captioned action to whom disclosure is reasonably necessary and who have signed the Confidentiality Agreement, attached hereto as Exhibit A; and

**g.** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**14. <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Material.</u>** Unless permitted in writing by the designator, a receiving party may disclose material designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" only to:

**a.** The receiving party's outside counsel of record in the above-captioned action, employees of outside counsel of record to whom disclosure is reasonably necessary and Agents of outside counsel of record to whom disclosure is reasonably necessary;

**b.** Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Confidentiality Agreement, attached hereto as Exhibit A, provided such Expert is not a current officer, director or employee of a party to this case nor anticipated at the time of retention to become an officer, director or employee of a party to this case; and provided further that the party complies with the requirements of paragraph 15 below;

**c.** The Court and its personnel;

**d.** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Confidentiality Agreement, attached hereto as Exhibit A; and

**e.** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**15. <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Material to Experts.</u>** Unless agreed to in writing by the designator:

**a.** A party seeking to disclose to an Expert retained by outside counsel of record any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" must first make a written request to the designator that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" information that the receiving party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the Expert has offered expert testimony, including by declaration, report, or testimony at deposition or trial, in the past five years. If the Expert believes any of the information specified at (4) through (6) above is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the Expert shall be available to meet and confer with the designator regarding any such confidentiality obligations.

**b.** A party that makes a request and provides the information specified in paragraph 15.a may disclose the designated material to the identified Expert unless, within seven days of delivering the request, the party receives a written objection from the designator providing detailed grounds for the objection.

**c.** Any challenges to objections received from the designator under paragraph 15.b shall be resolved under the procedures laid out in Local Rules 37-1 through 37-4. The foregoing shall not be read to limit or alter a party's obligations regarding expert disclosures or the contents thereof under Fed. R. Civ. P. 26(a)(2) or any other applicable rule or order. Nor shall the foregoing be interpreted to alter the

scope and timing of expert discovery as set forth in Fed. R. Civ. P. 26(a)(2), 26(b)(4), the Court's scheduling and case management order, and any other applicable rule or order.

## V. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

**16. Subpoenas and Court Orders.** This Order in no way excuses non-compliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**17. Notification Requirement.** If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in the above-captioned action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," that party must:

 **a.** Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order;

 **b.** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

 **c.** Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**18. Wait for Resolution of Protective Order.** If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in the above-captioned action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear

-10-

PROTECTIVE ORDER

the burden and expense of seeking protection of its confidential material in that court.

## VI. <u>UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL</u>

**19.** If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom the unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Confidentiality Agreement attached hereto as Exhibit A.

## VII. <u>PRIVILEGED OR OTHERWISE-PROTECTED MATERIAL</u>

**20.** The parties shall log any materials withheld from production on grounds of attorney-client privilege, work-product protection, or any other applicable privilege in a privilege log pursuant to Fed. R. Civ. P. 26(b)(5)(A). The parties agree that the following need not be placed on a privilege log: (i) communications involving trial counsel in the above-captioned action as to which privilege is asserted, and which post-date the filing of Alternate Health's original complaint on October 26, 2017; or (ii) uncirculated drafts of agreements as to which privilege is asserted. In addition to the restrictions on expert discovery under Fed. R. Civ. P. 26(b)(4), the parties need not log any draft expert reports regardless of when created, or any communications between a party's trial counsel and its testifying or consulting Expert that occur after February 21, 2018. The foregoing is not intended to alter, modify, or amend the parties' rights, duties, or obligations under Fed. R. Civ. P. 26(b)(4)(C)(i) through (iii).

**21.** <u>Clawback.</u> When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. P.

26(b)(5)(B). Inadvertent disclosure shall not operate as a waiver of any privilege or work-product protections in this or any other proceeding as long as the privilege holder satisfies the requirements of Fed. R. Evid. 502(b), (d).

**VIII. <u>FILING UNDER SEAL</u>**

**22.** Without written permission from the designator or a Court order, a party may not file in the public record in the above-captioned action any designated material. A party seeking to file under seal any designated material must comply with Local Rule 79-5. Filings may be made under seal only pursuant to a Court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of the specific material sought to be filed under seal. Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a receiving party's request to file designated material under seal pursuant to Local Rule 79-5 is denied by the Court, then the receiving party may file the material in the public record unless (1) the designator seeks reconsideration within four days of the denial, or (2) the Court directs otherwise.

**IX. <u>CROSS-USE</u>**

**23.** Documents produced by Paul Edalat, Alternate Health Corp., or Alternate Health USA Inc. in the arbitration before the International Centre for Dispute Resolution, Case No. 01-17-0005-4484 titled *Alternate Health Corp., Alternate Health, Inc. and Alternate Health USA Inc. v. EFT Global Holdings, Inc. dba Sentar Pharmaceuticals and APS Health Sciences, Inc.* (the "Arbitration") are deemed produced in the above-captioned action, and depositions taken in the Arbitration are deemed produced in the above-captioned action. The parties to the above-captioned action shall not be deemed to have violated a protective order by using such documents or depositions in the above-captioned action. Such documents

or depositions shall be used and treated with the same level of confidentiality that applies to them in the Arbitration. Nothing in this provision prohibits a party from seeking other documents produced in discovery in the Arbitration through the service of formal discovery requests in the above-captioned action.

## X.     DURATION AND FINAL DISPOSITION

**24. Non-Termination of Order.** This Order is binding on all parties to this action, persons who receive designated material and have executed a Confidentiality Agreement, and on all non-parties who elect the protections of this Order, and shall survive any settlement, discontinuance, stay, dismissal, judgment, or other disposition of this action. This Order shall remain in force and effect until modified, superseded, or terminated by further order of this Court.

**25. Final Disposition.** Within thirty days after the final disposition of this action (whether by settlement or entry of a final, non-appealable judgment), each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material. The receiving party must submit a written certification to the designator by the thirty-day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order. The foregoing deadlines may be extended by mutual agreement of the producing and receiving parties, without the need for an additional Court order.

-13-

PROTECTIVE ORDER

## XI. <u>VIOLATIONS</u>

**26.** In the event of any violation of this Order, the Court may grant such relief as it deems appropriate, including monetary damages to the injured party, equitable relief, and/or any appropriate sanctions.

**IT IS SO ORDERED.**

DATED: February 23, 2018

_____
JOHN D. EARLY
United States Magistrate Judge

# EXHIBIT A

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Alternate Health USA Inc. and Alternate Health Corp., <br><br> Plaintiffs, <br><br> - against - <br><br> Paul Edalat, <br><br> Defendant. | Case No: 8:17-CV-01887-CJC-JDE |
| Paul Edalat, <br><br> Counterclaimaint, <br><br> - against – <br><br> Alternate Health USA Inc., Alternate Health Corp., Howard Mann, Michael L. Murphy, M.D., and Computershare Investor Services, Inc., <br><br> Counterdefendants. | |

## CONFIDENTIALITY AGREEMENT

I have received and read in its entirety a copy of the Stipulated Protective Order ("Order") issued in the above-captioned action. I fully understand the terms therein. I agree not to disclose any designated material (as defined therein, and including any material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," documents which quote, summarize, or paraphrase such materials, and all copies, abstracts, compilations, summaries, or documents in other formats reproducing or capturing any designated material) to any person or entity not entitled to receive disclosure of such designated material under the Order; not to use such designated material for purposes beyond my participation in this action; and to abide by the Order in every respect. I understand that any disclosure or use of designated material in any manner contrary

to the provisions of the Order may subject me to, among other things, sanctions for contempt of court.

Upon conclusion of the above-captioned action, including any appeal, I will use my best efforts to destroy or return to outside counsel all designated material in my possession. As for electronic copies of designated material, I will destroy and/or erase all electronic versions of any designated material that might be stored in email files or on active electronic servers (as opposed to emergency backup storage or tapes).

I hereby consent to the personal jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____  _____

Signature                                              Date

_____

Name (Please Print or Type)

Business Address:

_____

_____

_____

Residential Address:

_____

_____

_____