QUINN EMANUEL URQUHART & SULLIVAN, LLP
Fred G. Bennett (Bar No. 59135)
fredbennett@quinnemanuel.com
Robert J. Becher (Bar No. 193431)
robertbecher@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Plaintiffs-Counterdefendants Alternate Health USA Inc. and Alternate Health Corp.*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

Alternate Health USA Inc. and Alternate Health Corp.,

Plaintiffs,

v.

Paul Edalat,

Defendant.

Paul Edalat,

Counterclaimant,

v.

Alternate Health USA Inc.. Alternate Health Corp.. Howard Mann. Michael L. Murphy. M.D.. and Computershare Investor Services, Inc.,

Counterdefendants.

CASE NO. 8:17-CV-1887-CJC-JDE

**PLAINTIFFS-COUNTERDEFENDANTS ALTERNATE HEALTH USA INC.'S AND ALTERNATE HEALTH CORP.'S ANSWER TO EDALAT'S SECOND AMENDED COUNTERCLAIMS**

**JURY TRIAL DEMANDED**

Plaintiffs-Counterdefendants Alternate Health USA Inc. and Alternate Health Corp. (collectively, "Alternate Health"), by their undersigned counsel, hereby answer Defendant-Counterclaimant Paul Edalat's Second Amended Counterclaims ("Counterclaims") as follows:

**JURISDICTION AND VENUE**

1. Alternate Health lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Counterclaims.

2. Alternate Health admits the allegations in paragraph 2 of the Counterclaims.

3. Alternate Health admits the allegations in paragraph 3 of the Counterclaims.

4. No response is required to paragraph 4, but to the extent any response is required, Alternate Health denies the allegations in paragraph 4 of the Counterclaims.

5. Alternate Health admits based on information and belief that Howard Mann is a citizen of Canada, denies based on information and belief that Mann is domiciled in Canada, and otherwise denies the remaining allegations in paragraph 5 of the Counterclaims.

6. Alternate Health admits that Dr. Michael Murphy is domiciled in San Antonio, Texas and denies the remaining allegations in paragraph 6 of the Counterclaims.

7. Alternate Health lacks knowledge or information sufficient to form a belief about the allegations in the first sentence, and admits the remaining allegations in paragraph 7 of the Counterclaims.

8. Alternate Health denies the allegations in paragraph 8 of the Counterclaims.

9. Alternate Health denies the allegations in paragraph 9 of the Counterclaims.

10. Alternate Health denies the allegations in paragraph 10 of the Counterclaims.

11. Alternate Health will not contest the propriety of the venue or the amount in controversy but otherwise denies the allegations in paragraph 11 of the Counterclaims.

12. Alternate Health will not contest the propriety of the Court exercising supplemental jurisdiction over the Counterclaims.

13. Alternate Health lacks knowledge or information sufficient to form a belief about the allegations in paragraph 13 of the Counterclaims.

**GENERAL ALLEGATIONS**

14. Alternate Health admits that Paul Edalat ("Edalat") and Howard Mann met on May 19, 2016, but denies the remaining allegations in paragraph 14 of the Counterclaims.

15. Alternate Health denies the allegations in paragraph 15 of the Counterclaims.

16. Alternate Health denies the allegations in paragraph 16 of the Counterclaims.

17. Alternate Health denies the allegations in paragraph 17 of the Counterclaims.

18. Alternate Health denies the allegations in paragraph 18 of the Counterclaims.

19. Alternate Health denies the allegations in paragraph 19 of the Counterclaims.

20. Alternate Health denies the allegations in paragraph 20 of the Counterclaims.

21. Alternate Health admits that the text messages pictured in paragraph 21 of the Counterclaims reflect several text messages exchanged between Mann and Edalat, but denies the remaining allegations in paragraph 21.

22. Alternate Health admits that the text messages pictured in paragraph 22 of the Counterclaims reflect several text messages exchanged between Mann and Edalat, but denies the remaining allegations in paragraph 22.

23. Alternate Health denies the allegations in paragraph 23 of the Counterclaims.

24. Alternate Health denies the allegations in paragraph 24 of the Counterclaims.

25. Alternate Health denies the allegations in paragraph 25 of the Counterclaims.

26. Alternate Health denies the allegations in paragraph 26 of the Counterclaims.

27. Alternate Health denies the allegations in paragraph 27 of the Counterclaims.

28. Alternate Health need not respond to paragraph 28, which purports to describe the Consulting Agreement, a document that speaks for itself. To the extent any response is required, Alternate Health admits that it entered into the Consulting Agreement with Edalat on January 9, 2017, but otherwise denies the allegations of paragraph 28.

29. Alternate Health denies the allegations in paragraph 29 of the Counterclaims.

30. Alternate Health admits the allegations in paragraph 30 of the Counterclaims.

31. Alternate Health admits that the quotation from the Restrictive Legends is accurate and otherwise denies the allegations in paragraph 31 of the Counterclaims.

32. Alternate Health denies the allegations in paragraph 32 of the Counterclaims.

33. Alternate Health admits that it has refused to remove the restrictive legends on the shares issued to Edalat pursuant to the Consulting Agreement, but otherwise denies the allegations in paragraph 33 of the Counterclaims.

34. Alternate Health denies the allegations in paragraph 34 of the Counterclaims.

35. Alternate Health denies the allegations in paragraph 35 of the Counterclaims.

36. Alternate Health denies the allegations in paragraph 36 of the Counterclaims.

**FIRST CAUSE OF ACTION**

37. Alternate Health incorporates by reference its responses to each and every other paragraph of this counterclaim, as though set forth fully herein.

38. Alternate Health denies the allegations in paragraph 38 of the Counterclaims.

39. Alternate Health denies the allegations in paragraph 39 of the Counterclaims.

40. Alternate Health denies the allegations in paragraph 40 of the Counterclaims.

41. Alternate Health admits that it issued 2,118,506 shares pursuant to the Consulting Agreement, 1,638,506 of which were issued to Edalat. Alternate Health otherwise denies the allegations in paragraph 41 of the Counterclaims.

42. Alternate Health denies the allegations in paragraph 42 of the Counterclaims.

43. Alternate Health denies the allegations in paragraph 43 of the Counterclaims.

44. Alternate Health denies the allegations in paragraph 44 of the Counterclaims.

45. Paragraph 45 of the Counterclaims contains legal conclusions, to which Alternate Health need not respond. To the extent any response is required, Alternate Health denies the allegations in paragraph 45 of the Counterclaims.

**SECOND CAUSE OF ACTION**

46. Alternate Health incorporates by reference its responses to each and every other paragraph of this counterclaim, as though set forth fully herein.

47. Alternate Health denies the allegations in paragraph 47 of the Counterclaims.

48. Alternate Health denies the allegations in paragraph 48 of the Counterclaims.

49. Alternate Health denies the allegations in paragraph 49 of the Counterclaims.

50. Alternate Health admits that it issued 2,118,506 shares pursuant to the Consulting Agreement, 1,638,506 of which were issued to Edalat. Alternate Health otherwise denies the allegations in paragraph 50 of the Counterclaims.

51. Alternate Health denies the allegations in paragraph 51 of the Counterclaims.

52. Alternate Health denies the allegations in paragraph 52 of the Counterclaims.

53. Alternate Health denies the allegations in paragraph 53 of the Counterclaims.

54. Paragraph 54 of the Counterclaims contains legal conclusions, to which Alternate Health need not respond. To the extent any response is required, Alternate Health denies the allegations in paragraph 54 of the Counterclaims.

**THIRD CAUSE OF ACTION**

55. Alternate Health incorporates by reference its responses to each and every other paragraph of this counterclaim, as though set forth fully herein.

56. Alternate Health need not respond to paragraph 56, which purports to describe the Consulting Agreement, a document that speaks for itself. To the extent any response is required, Alternate Health admits that it entered into the Consulting Agreement with Edalat on January 9, 2017, but otherwise denies the allegations of paragraph 56.

57. Alternate Health admits that it issued 2,118,506 shares pursuant to the Consulting Agreement, but otherwise denies the allegations of paragraph 57 of the Counterclaims.

58. Alternate Health admits that the certificates bore the two Restrictive Legends and otherwise denies the allegations in paragraph 58 of the Counterclaims.

59. Paragraph 59 of the Counterclaims contains legal conclusions, to which Alternate Health need not respond. To the extent any response is required, Alternate Health denies the allegations in paragraph 59.

60. Paragraph 60 of the Counterclaims contains legal conclusions, to which Alternate Health need not respond. To the extent any response is required, Alternate Health denies the allegations in paragraph 60.

61. Paragraph 61 of the Counterclaims contains legal conclusions, to which Alternate Health need not respond. To the extent any response is required, Alternate Health denies the allegations in paragraph 61.

62. Alternate Health denies the allegations in paragraph 62 of the Counterclaims.

63. Paragraph 63 of the Counterclaims contains legal conclusions, to which Alternate Health need not respond. To the extent any response is required, Alternate Health admits that it has refused to remove the restrictive legends on the shares issued to Edalat pursuant to the Consulting Agreement, but otherwise denies the allegations in paragraph 63 of the Counterclaims.

64. Alternate Health denies the allegations in paragraph 64 of the Counterclaims.

**FOURTH CAUSE OF ACTION**

65. Alternate Health incorporates by reference its responses to each and every other paragraph of this counterclaim, as though set forth fully herein.

66. Paragraph 66 of the Counterclaims contains legal conclusions, to which Alternate Health need not respond. To the extent any response is required, Alternate Health denies the allegations in paragraph 66 of the Counterclaims.

67. Paragraph 67 of the Counterclaims contains legal conclusions, to which Alternate Health need not respond. To the extent any response is required, Alternate

Health admits that Computershare Investor Services, Inc. acts as the transfer agent and registrar for Alternate Health Corp., but otherwise denies the allegations in paragraph 67 of the Counterclaims.

68. Paragraph 68 of the Counterclaims contains legal conclusions, to which Alternate Health need not respond. To the extent any response is required, Alternate Health admits that it has refused to remove the restrictive legends on the shares issued to Edalat pursuant to the Consulting Agreement, but otherwise denies the allegations in paragraph 68 of the Counterclaims.

69. Paragraph 69 of the Counterclaims contains legal conclusions, to which Alternate Health need not respond. To the extent any response is required, Alternate Health denies the allegations in paragraph 69 of the Counterclaims.

70. Paragraph 70 of the Counterclaims contains legal conclusions, to which Alternate Health need not respond. To the extent any response is required, Alternate Health denies the allegations in paragraph 70 of the Counterclaims.

**FIFTH CAUSE OF ACTION**

71. Alternate Health incorporates by reference its responses to each and every other paragraph of this counterclaim, as though set forth fully herein.

72. Paragraph 72 of the Counterclaims contains legal conclusions, to which Alternate Health need not respond. To the extent any response is required, Alternate Health admits that it has refused to remove the restrictive legends on the shares issued to Edalat pursuant to the Consulting Agreement, but otherwise denies the allegations in paragraph 72 of the Counterclaims.

73. Paragraph 73 of the Counterclaims contains legal conclusions, to which Alternate Health need not respond. To the extent any response is required, Alternate Health denies the allegations in paragraph 73 of the Counterclaims.

74. Paragraph 74 of the Counterclaims contains legal conclusions, to which Alternate Health need not respond. To the extent any response is required, Alternate Health denies the allegations in paragraph 74 of the Counterclaims.

75. Paragraph 75 of the Counterclaims contains legal conclusions, to which Alternate Health need not respond. To the extent any response is required, Alternate Health denies the allegations in paragraph 75 of the Counterclaims.

**SIXTH CAUSE OF ACTION**

76. Alternate Health incorporates by reference its responses to each and every other paragraph of this counterclaim, as though set forth fully herein.

77. Alternate Health admits that it has refused to remove the restrictive legends on the shares issued to Edalat pursuant to the Consulting Agreement, but otherwise denies the allegations in paragraph 77 of the Counterclaims.

78. Paragraph 78 of the Counterclaims contains a prayer for relief, to which Alternate Health need not respond. To the extent any response is required, Alternate Health denies the allegations in paragraph 78 of the Counterclaims.

79. Paragraph 79 contains a prayer for relief, to which Alternate Health need not respond. To the extent any response is required, Alternate Health denies the allegations in paragraph 79 of the Counterclaims.

80. Paragraph 80 contains a prayer for relief, to which Alternate Health need not respond. To the extent any response is required, Alternate Health denies the allegations in paragraph 80 of the Counterclaims.

**FIRST AFFIRMATIVE DEFENSE**

**Fraud**

As alleged in its Amended Complaint, dated December 13, 2017, Alternate Health entered into an Agreement for Consulting Services with Edalat ("Consulting Agreement") because of Edalat's fraud, deceit, failures to disclose material facts, and misrepresentations, and the agreement was therefore void at execution. Edalat falsely represented that he and Sentar Pharmaceuticals ("Sentar") were capable of mass producing dietary supplements such as sublingual cannabidiol ("CBD") tablets, were experts in the manufacture of dietary supplements, and that transdermal patches

infused with CBD could be manufactured at Edalat's manufacturing facility at 17809 Gillette Avenue in Irvine, California. These representations are now, and were when made, false, and Edalat knew them to be false at the time these representations were made. Edalat concealed and failed to disclose other material facts which materially qualified the facts disclosed, or which rendered the disclosure likely to mislead, including but not limited to: the existence of a Consent Decree issued by the Honorable Josephine L. Staton of the U.S. District Court for the Central District of California on November 12, 2014, which prohibited Edalat from "indirectly manufacturing, preparing, packing, labeling, holding, or distributing any dietary supplements, at 17809 Gillette Avenue, Irvine, California 92614-6501, or at or from any other locations . . . ." ("Consent Decree"); the fact that the Consent Decree barred Edalat and Sentar from manufacturing dietary supplements; and the circumstances leading to the Consent Decree. Edalat misrepresented to Alternate Health that he and Sentar had the facilities, expertise, and capability to manufacture large quantities of the dissolvable tablets. He misrepresented that he was on the verge of being awarded a patent for a transdermal CBD patch. And Edalat also concealed that he was the subject of a personal bankruptcy proceeding that was ongoing when the negotiations and signing of both the Consulting Agreement and Sublingual License Agreement occurred.

Edalat made these misrepresentations and concealed and failed to disclose these material facts intentionally, or in reckless disregard of the truth, with the intent to induce Alternate Health into entering into the Consulting Agreement. In entering into the Consulting Agreement, Alternate Health was not aware of the falsity of the representations by Edalat. In entering into the Consulting Agreement, Alternate Health was not aware of the existence of the concealed and omitted material facts, which Edalat failed to disclose. Alternate Health reasonably relied on Edalat's misrepresentations and deceptions based upon omitted material facts, and entered into the Consulting Agreement. Alternate Health would not have entered into the

Consulting Agreement had it been aware of Edalat's misrepresentations and concealments.

**SECOND AFFIRMATIVE DEFENSE**

**Illegality**

The Consulting Agreement was void at execution and is unenforceable, because performance would and did violate the law, including the Consent Decree.

**THIRD AFFIRMATIVE DEFENSE**

**Unclean Hands**

Equitable relief is unavailable to Edalat because of Edalat's inequitable conduct. Specifically, as more fully alleged by Alternate Health in the Amended Complaint, dated December 13, 2017, Edalat induced Alternate Health to enter into the Consulting Agreement because of fraud, deceit, failures to disclose material facts and misrepresentations.

Edalat has also engaged in litigation misconduct. During his most recent personal bankruptcy proceedings, Edalat repeatedly provided false testimony during 341(a) creditor meetings in an effort to conceal information and hide personal assets among his myriad business entities, some of which were the same entities through which he carried out his business with Alternate Health. During an October 23, 2014 Section 341(a) creditor meeting in connection with *In re Paul Edalat*, Case No. 8:14-BK-14529 (C.D. Cal. 2014), the Assistant United States Trustee, Frank M. Cadigan, warned Edalat, "Sir, you've already perjured yourself earlier today. Now, you better start coming clean . . . ."

## FOURTH AFFIRMATIVE DEFENSE

**Forum Non Conveniens**

The Court should dismiss Edalat's fourth cause of action, for failure to register transfer of securities, pursuant to the doctrine of *forum non conveniens*. The cause of action is for a claim arising in Canada against a Canadian issuer (and its agent), with its principal place of business in Canada, for violation of a Canadian statute with respect to shares traded on the Canadian Securities Exchange in Toronto. Furthermore, principles of comity and respect for Canadian sovereignty weigh against the Court interpreting an obscure Canadian law and issuing a judgment on that basis; rather, Canadian authorities should be permitted to interpret and enforce Canada's securities regime. Principles of comity and respect for Canadian sovereignty also weigh against granting the proposed relief—issuing an extraterritorial order for a Canadian issuer to register a share transfer under Canadian law.

## FIFTH AFFIRMATIVE DEFENSE

**Failure to State a Claim**

Edalat's Counterclaims fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

**Failure to Plead Fraud with Particularity**

Edalat's first cause of action for fraud and second cause of action for negligent misrepresentation must be dismissed for failure to plead the fraud with sufficient particularity under Rule 9(b) of the Federal Rules of Civil Procedure.

**SEVENTH AFFIRMATIVE DEFENSE**

**Setoff**

Any damages owed to Edalat, if any, must be offset by damages owed by Edalat to Alternate Health.

**EIGHTH AFFIRMATIVE DEFENSE**

**Unjust Enrichment**

Edalat is not entitled to any recovery on his Counterclaims because granting the requested relief would unjustly enrich Edalat.

**NINTH AFFIRMATIVE DEFENSE**

**Failure to Mitigate**

Edalat is not entitled to recover on his Counterclaims because he failed to act reasonably to mitigate damages, if any.

**TENTH AFFIRMATIVE DEFENSE**

**Justification**

Alternate Health was justified in not removing the restrictive legend on the shares issued to Edalat under the Consulting Agreement. Because Alternate Health acted only in the reasonable protection of its own interests, it is excused from any liability for the acts alleged in the Counterclaims by the doctrine of justification.

**ELEVENTH AFFIRMATIVE DEFENSE**

**Relief Requested Barred by Contract**

The Counterclaims are barred, in whole or in part, by the terms of the Consulting Agreement.

**TWELFTH AFFIRMATIVE DEFENSE**

**No Meeting of the Minds**

The Counterclaims are barred, in whole or in part, because there was no meeting of the minds with respect to the Consulting Agreement.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**Unilateral Mistake**

The Counterclaims are barred, in whole or in part, by the doctrine of unilateral mistake.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**Mutual Mistake**

The Counterclaims are barred, in whole or in part, by the doctrine of mutual mistake.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**Rescission**

Edalat is not entitled to judgment on any of the Counterclaims because the Consulting Agreement has been extinguished by rescission. Alternate Health is entitled to complete relief, including restitution of the benefits that it bestowed on Edalat under the Consulting Agreement.

**CONCLUSION**

WHEREFORE, Alternate Health respectfully requests that the Court:

1. Dismiss with prejudice any and all claims asserted in the Counterclaims, deny Edalat's prayers for relief, and order that Edalat take nothing as a result of the Counterclaims;

2. Enter judgment in Alternate Health's favor;

3. Award Alternate Health its reasonable costs and fees, including attorneys' fees; and

4. Grant Alternate Health such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Alternate Health demands a trial by jury on all issues triable by a jury.

DATED: February 26, 2018

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *\/s/ Fred G. Bennett*

Fred G. Bennett
Robert J. Becher
*Attorneys for Plaintiffs-Counterdefendants Alternate Health USA Inc. and Alternate Health Corp.*

# CERTIFICATE OF SERVICE

On February 26, 2018, I caused a true and correct copy of the foregoing **ALTERNATE HEALTH USA INC.'S AND ALTERNATE HEALTH CORP.'S ANSWER TO EDALAT'S SECOND AMENDED COUNTERCLAIMS** to be electronically served on all parties to this lawsuit, using the Court's e-service system.

*/s/ John Gibbons*
John Gibbons