DAVID S. ALVERSON (SBN 198885)
  dalverson@lesnickprince.com
LESNICK PRINCE & PAPPAS LLP
315 W. Ninth Street, Suite 705
Los Angeles, California 90015
Telephone: (213) 493-6585
Facsimile:  (213) 493-6596

Attorneys for Counterdefendant
Computershare Investor Services Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alternative Health USA Inc., Alternate Health Corp., and Alternate Health, Inc., | Case No. 8:17-cv-01887-CJC (JDEx) |
| Plaintiffs, | ANSWER OF COUNTERDEFENDANT COMPUTERSHARE INVESTOR SERVICES INC. TO THIRD AMENDED COUNTERCLAIM |
| vs. | |
| Paul Edalat, Olivia Karpinski, Farah Barghi, EFT Global Holdings, Inc. d/b/a Sentar Pharmaceuticals, and APS Health Sciences, Inc., | DEMAND FOR JURY TRIAL |
| Defendants. | |
| Paul Edalat, EFT Global Holdings Inc., | |
| Counterclaimant, | |
| vs. | |
| Alternative Health USA Inc., Alternate Health Corp., Howard Mann, Michael L. Murphy, M.D., and Computershare Investor Services, Inc., | |
| Counterdefendants. | |

Counterdefendant Computershare Investor Services Inc. ("Computershare"), by and through its undersigned counsel, hereby answers Defendants and Counterclaimants Paul Edalat and EFT Global Holdings Inc.'s Third Amended Counterclaim (the "Counterclaim") as follows:

## JURISDICTION AND VENUE

1.     Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Counterclaim.

2.     Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the Counterclaim.

3.     Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 of the Counterclaim.

4.     Computershare admits based on information and belief that Alternate Health Corp. is a corporation organized under the laws of British Columbia, Canada.  Computershare lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4 of the Counterclaim.

5.     No response is required to the first sentence of paragraph 5, but to the extent any response is required, Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 5 of the Counterclaim.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 5 of the Counterclaim.

6.     Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Counterclaim.

7.     Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the Counterclaim.

8.     Computershare admits the allegations in paragraph 8 of the Counterclaim.

9.  Computershare denies the allegations in paragraph 9 of the Counterclaim.

10.  Computershare denies the allegations in paragraph 10 of the Counterclaim.

11.  Computershare denies the allegations in paragraph 11 of the Counterclaim.

12.  Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the Counterclaim.

13.  Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Counterclaim.

14.  Computershare denies the allegations specifically asserted against it in paragraph 14 of the Counterclaim, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14 of the Counterclaim.

15.  Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the Counterclaim.

16.  Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the Counterclaim.

17.  Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Counterclaim.

18.  Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the Counterclaim.

19.  Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the Counterclaim.

20.  Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the Counterclaim.

21.  Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the Counterclaim.

22.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Counterclaim.

23.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the Counterclaim.

24.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of the Counterclaim.

25.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the Counterclaim.

26.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the Counterclaim.

27.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of the Counterclaim.

28.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of the Counterclaim.

29.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Counterclaim.

30.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of the Counterclaim.

31.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Counterclaim.

32.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Counterclaim.

33.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Counterclaim.

34.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of the Counterclaim.

35.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Counterclaim.

36.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Counterclaim.

37.   Computershare admits that the quotation from the Restrictive Legends is accurate (except for the underlining of the quotation reflected in paragraph 37), but otherwise denies the allegations in paragraph 37 of the Counterclaim.

38.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Counterclaim.

39.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the Counterclaim.

40.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 of the Counterclaim.

41.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 of the Counterclaim.

42.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 of the Counterclaim.

43.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Counterclaim.

44.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 of the Counterclaim.

45.   Computershare admits that documentation was delivered to it on behalf of Edalat requesting removal of the Restrictive Legends on a certificate reflecting shares of Alternate Health Corp. registered to Edalat, but otherwise denies the allegations in paragraph 45 of the Counterclaim.

46.   Computershare denies the allegations in paragraph 46 of the Counterclaim.

47.   Computershare admits that the Restrictive Legends on a certificate reflecting shares of Alternate Health Corp. registered to Edalat were not removed, but otherwise denies the allegations in paragraph 47 of the Counterclaim.

48.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 of the Counterclaim.

49.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 of the Counterclaim.

50.   Computershare denies the allegations in paragraph 50 of the Counterclaim.

51.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 of the Counterclaim.

52.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 of the Counterclaim.

53.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 of the Counterclaim.

54.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 of the Counterclaim.

55.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 of the Counterclaim.

56.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56 of the Counterclaim.

57.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57 of the Counterclaim.

58.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58 of the Counterclaim.

59.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59 of the Counterclaim.

60.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 of the Counterclaim.

61.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61 of the Counterclaim.

**FIRST CAUSE OF ACTION**

62.   Paragraph 62 is not alleged against Computershare and therefore no response is required.

63.   Paragraph 63 is not alleged against Computershare and therefore no response is required.

64.   Paragraph 64 is not alleged against Computershare and therefore no response is required.

65.   Paragraph 65 is not alleged against Computershare and therefore no response is required.

66.   Paragraph 66 is not alleged against Computershare and therefore no response is required.

67.   Paragraph 67 is not alleged against Computershare and therefore no response is required.

68.   Paragraph 68 is not alleged against Computershare and therefore no response is required.

69.   Paragraph 69 is not alleged against Computershare and therefore no response is required.

**SECOND CAUSE OF ACTION**

70.   Paragraph 70 is not alleged against Computershare and therefore no response is required.

71.   Paragraph 71 is not alleged against Computershare and therefore no response is required.

72.   Paragraph 72 is not alleged against Computershare and therefore no response is required.

73.   Paragraph 73 is not alleged against Computershare and therefore no response is required.

74.   Paragraph 74 is not alleged against Computershare and therefore no response is required.

ANSWER OF COMPUTERSHARE TO THIRD AMENDED COUNTERCLAIM

75.   Paragraph 75 is not alleged against Computershare and therefore no response is required.

## THIRD CAUSE OF ACTION

76.   Paragraph 76 is not alleged against Computershare and therefore no response is required.

77.   Paragraph 77 is not alleged against Computershare and therefore no response is required.

78.   Paragraph 78 is not alleged against Computershare and therefore no response is required.

79.   Paragraph 79 is not alleged against Computershare and therefore no response is required.

80.   Paragraph 80 is not alleged against Computershare and therefore no response is required.

81.   Paragraph 81 is not alleged against Computershare and therefore no response is required.

82.   Paragraph 82 is not alleged against Computershare and therefore no response is required.

## FOURTH CAUSE OF ACTION

83.   Computershare incorporates by reference its responses to each and every other paragraph of this Counterclaim, as though set forth fully herein.

84.   Computershare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84 of the Counterclaim.

85.   Computershare admits that Section 86 of the Securities Transfer Act of British Columbia speaks for itself and relates to duties of an issuer to register transfer of securities.  Computershare denies that the first sentence of paragraph 85 of the Counterclaim is the only condition required to be met for an issuer to register the transfer of securities.  Computershare lacks knowledge or information

1    sufficient to form a belief about the truth of the remaining allegations in paragraph
2    85 of the Counterclaim.

3         86.   Computershare admits that it acts as the transfer agent for Alternate
4    Health Corp. and that Sections 86 and 94 of the Securities Transfer Act of British
5    Columbia speaks for themselves.  Computershare denies the remaining allegations
6    in paragraph 86 of the Counterclaim.

7         87.   Computershare admits that the Restrictive Legends on a certificate
8    reflecting shares of Alternate Health Corp. registered to Edalat were not removed,
9    but otherwise denies the allegations in paragraph 87 of the Counterclaims.

10        88.   Computershare denies the allegations in paragraph 88 of the
11   Counterclaim.

12        89.   Computershare denies the allegations in paragraph 89 of the
13   Counterclaim.

14        90.   Computershare denies the allegations in paragraph 90 of the
15   Counterclaim.

16                         **FIFTH CAUSE OF ACTION**

17        91.   Computershare incorporates by reference its responses to each and
18   every other paragraph of this Counterclaim, as though set forth fully herein.

19        92.   Computershare admits that the Restrictive Legends on a certificate
20   reflecting shares of Alternate Health Corp. registered to Edalat were not removed,
21   but otherwise denies the allegations in paragraph 92 of the Counterclaim.

22        93.   Computershare admits the allegations in paragraph 93 of the
23   Counterclaim.

24        94.   Paragraph 94 of the Counterclaim contains a prayer for relief, to which
25   Computershare need not respond. To the extent any response is required,
26   Computershare denies the allegations in paragraph 94 of the Counterclaim.

27

28

- 8 -

95.   Paragraph 95 of the Counterclaim contains a prayer for relief, to which Computershare need not respond. To the extent any response is required, Computershare denies the allegations in paragraph 95 of the Counterclaim.

**SIXTH CAUSE OF ACTION**

96.   Paragraph 96 is not alleged against Computershare and therefore no response is required.

97.   Paragraph 97 is not alleged against Computershare and therefore no response is required.

98.   Paragraph 98 is not alleged against Computershare and therefore no response is required.

99.   Paragraph 99 is not alleged against Computershare and therefore no response is required.

100. Paragraph 100 is not alleged against Computershare and therefore no response is required.

101. Paragraph 101 is not alleged against Computershare and therefore no response is required.

102. Paragraph 102 is not alleged against Computershare and therefore no response is required.

**SEVENTH CAUSE OF ACTION**

103. Paragraph 103 is not alleged against Computershare and therefore no response is required.

104. Paragraph 104 is not alleged against Computershare and therefore no response is required.

105. Paragraph 105 is not alleged against Computershare and therefore no response is required.

106. Paragraph 106 is not alleged against Computershare and therefore no response is required.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1.    The Counterclaim, and each and every purported claim therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

2.    Edalat has failed to mitigate or reasonably attempt to mitigate his damages, if any, alleged against Computershare as required by law.

### THIRD AFFIRMATIVE DEFENSE

#### (Unclean Hands)

3.    Edalat's claims are barred, in whole or in part, by the doctrine of unclean hands.  Alternate Health Corp. has alleged that Edalat wrongfully procured shares of Alternate Health Corp. through fraud, deceit, failures to disclose material facts and/or misrepresentations.

### FOURTH AFFIRMATIVE DEFENSE

#### (Justification)

4.    Computershare was justified in not removing the Restrictive Legends on the certificate reflecting shares of Alternate Health Corp. registered to Edalat. Because Computershare acted only in the reasonable protection of its own interests, it is excused from any liability for the acts alleged in the Counterclaim by the doctrine of justification.

### FIFTH AFFIRMATIVE DEFENSE

#### (Unjust Enrichment)

5.    Edalat is not entitled to any recovery on his Counterclaim because granting the requested relief would unjustly enrich Edalat.

### SIXTH AFFIRMATIVE DEFENSE

#### (Forum Non Conveniens)

6.   The Court should dismiss Edalat's fourth cause of action, for failure to register transfer of securities, pursuant to the doctrine of *forum non conveniens*. The cause of action is for a claim arising in Canada against a Canadian transfer agent (and its Canadian issuer-client), with its principal place of business in Canada, for violation of a Canadian statute that deals with the transfer of Canadian securities.  Furthermore, principles of comity and respect for Canadian sovereignty weigh against the Court interpreting a Canadian statute and issuing a judgment on that basis; rather, Canadian authorities should be permitted to interpret and enforce Canada's securities regime. Principles of comity and respect for Canadian sovereignty also weigh against granting the proposed relief—issuing an extraterritorial order for a Canadian transfer agent to register a share transfer under Canadian law.

<u>**SEVENTH AFFIRMATIVE DEFENSE**</u>

(Lack of Personal Jurisdiction)

7.   This Court lacks personal jurisdiction over Computershare.

WHEREFORE, Computershare prays as follows:

1.   That the Court enter judgment in favor of Computershare and against Edalat on all claims asserted in the Counterclaim;

2.   That the Court dismiss with prejudice the Counterclaim and each and every purported claim therein;

3.   For reasonable attorneys' fees;

4.   For costs of suit incurred herein; and

5.   For such other and further relief as the Court may deem just and proper.

Dated: December 27, 2018         LESNICK PRINCE & PAPPAS LLP

By _____/s/_____
          David S. Alverson
     Attorneys for Counterdefendant
Computershare Investor Services Inc.

1

## **DEMAND FOR TRIAL BY JURY**

2

Computershare hereby demands a trial by jury on all issues triable by a jury.

3

4

Dated: December 27, 2018          LESNICK PRINCE & PAPPAS LLP

5

By _____/s/_____

6

David S. Alverson
Attorneys for Counterdefendant
Computershare Investor Services Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF COMPUTERSHARE TO THIRD AMENDED COUNTERCLAIM